# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3565

_____

Cindy Adair; Paul Straub,

*Plaintiffs - Appellees*,

v.

ConAgra Foods, Inc. a Delaware corporation; ConAgra Foods Packaged Foods, LLC a Delaware Limited Liability Company,

*Defendants - Appellants*.

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 11, 2013
Filed: August 30, 2013

_____

Before COLLOTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

This interlocutory appeal arises out of an action brought by two laborers against their employer, ConAgra Foods, Inc., pursuant to 29 U.S.C. § 216(b). The laborers allege that ConAgra violated the Fair Labor Standards Act by, among other things, failing to compensate them and others similarly situated for time spent walking between changing stations where they don and doff their uniforms and the

time clock where they punch in and out for the day. The district court denied ConAgra's motion for summary judgment on this walking time and granted the parties' joint motion to certify the issue for interlocutory appeal. We granted permission to appeal, and we reverse the order of the district court.

I.

Since 1980, ConAgra has operated a facility in Marshall, Missouri, where it produces frozen foods. ConAgra employs hourly production and maintenance laborers at the Marshall Facility. Those laborers are represented by either the United Food and Commercial Workers Union or the International Brotherhood of Teamsters (collectively, "the Unions"), and have been represented by the Unions continuously since ConAgra acquired the facility.

ConAgra requires laborers at the Marshall Facility to wear certain protective gear, pursuant to a collective bargaining agreement. To ensure that the products made at the facility are sanitary, ConAgra and the Unions have agreed that ConAgra will "furnish and launder" this gear, which remains at the facility overnight. Because their uniforms are kept on site, the laborers must change into and out of them in changing stations at the Marshall Facility—that is, they cannot arrive at or depart the facility while dressed for work. After donning their uniforms, the laborers walk to a time clock where they punch in for the day; at the end of the day, they punch out at the time clock and then walk back to the changing stations to doff their uniforms. ConAgra has never compensated the laborers at the Marshall Facility for time spent changing into and out of uniforms, or for time spent walking in either direction between changing stations and the time clock.

Two laborers at the Marshall Facility brought this action on behalf of themselves and others similarly situated. They claimed, as relevant to this appeal, that ConAgra violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, by

-2-

failing to compensate them for (1) time spent changing into and out of uniforms, and (2) time spent walking between changing stations and the time clock. The complainants sought unpaid wages and other forms of relief.

The Act requires employers to pay covered employees at a rate of time-and-a-half for hours worked in excess of forty hours in a week. 29 U.S.C. § 207(a)(1). The statute, however, does not define either "work" or "workday." As a general matter, an employee's workday begins with the first "principal activity" of his employment, and ends with the last such activity. 29 C.F.R. § 790.6(b). For time spent performing a *non*principal activity to count toward an employee's workweek, then, that activity must be performed between the first and last principal activities of the day.

The scope of the workday has limits. Congress twice amended the Act in response to the Supreme Court's broad understanding of that concept. First, in 1947, Congress passed the Portal-to-Portal Act, § 4 of which excludes from the workday time spent "walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which [an] employee is employed to perform," and time spent performing "activities which are preliminary to or postliminary to said principal activity or activities." 29 U.S.C. § 254(a). Second, two years later, Congress added § 3(*o*) of the Act, by which it specifically excluded "time spent in changing clothes" from "the hours for which an employee is employed," provided that time has been excluded "by the express terms of or by custom or practice under a bona fide collective-bargaining agreement." 29 U.S.C. § 203(*o*).

In the district court, the laborers first argued that ConAgra was required to compensate them for time spent changing clothes, because § 203(*o*) and its exclusion for such time does not apply. They urged that neither of the two conditions required by that statutory exclusion is satisfied: the protective gear they are required to wear does not fall within the statutory term "clothes," and no express term of, or custom

or practice under, a collective bargaining agreement establishes that donning and doffing are not compensable activities.

The district court rejected these contentions, ruling that the time spent changing clothes was lawfully excluded under § 203(*o*): the protective gear worn by laborers at the Marshall Facility constitutes "clothes," and clothes-changing time is uncompensated by custom or practice under a *bona fide* collective bargaining agreement. So the court concluded that the laborers' changing time is excluded from their hours, and granted ConAgra's motion for summary judgment on that issue.[1]

The laborers argued in the alternative that donning and doffing their uniforms are principal activities of their employment, even if changing time is excluded from their hours under § 203(*o*) and therefore uncompensated. Because their day commences and concludes in the changing stations rather than at the time clock, the laborers contend that time spent walking between the changing stations and the time clock must be included in their hours.

The district court noted "substantial disagreement in the case law" on the issue, but concluded that an activity's "principal" nature is unaffected by whether it is compensable. The court then determined that donning and doffing uniforms begin and end the workday, because wearing those uniforms is "integral and indispensable to [the laborers'] principal work activity," whether or not the employees are compensated for time spent changing clothes. As such, the court denied ConAgra's

_____

[1]The Supreme Court granted certiorari to consider the meaning of "changing clothes" under § 203(*o*), *see Sandifer v. U.S. Steel Corp.*, 678 F.3d 590 (7th Cir. 2012), *cert. granted*, 133 S. Ct. 1240 (U.S. Feb. 19, 2013) (No. 12-417), but the laborers agreed at oral argument to waive their right to appeal the district court's determination in this case that their uniforms constitute "clothes." Oral Arg. at 23:40-24:28.

motion for summary judgment on the walking-time issue. The court then granted the parties' joint motion to certify that issue for appeal.

## II.

The laborers contend that when the time walking to and from the time clock is included, they worked more than forty hours per week and must be compensated accordingly. The Act provides that an employer must compensate a covered employee "for a workweek longer than forty hours . . . at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). A workweek is a collection of workdays, and a "workday" is "the period between the commencement and completion on the same workday *of an employee's principal activity or activities*." 29 C.F.R. § 790.6(b) (emphasis added). The laborers maintain that even though their time spent changing clothes is not compensable because of a custom or practice under the collective bargaining agreement, it is still a "principal activity" that begins and ends the workday. It follows, they contend, that the time walking to and from the clock is part of the workday and workweek that must be compensated.

The Act, however, links the concept of principal activity to employment. In providing that an employer need not compensate an employee for walking to and from the place of performing a principal activity, or for conducting preliminary or postliminary activities, the statute contemplates that a "principal activity" is one "which such employee *is employed to perform*." 29 U.S.C. § 254(a)(1) (emphasis added). The regulations of the Department of Labor reinforce this point. 29 C.F.R. § 790.8(a) ("The 'principal' activities referred to in the statute are activities which the employee is 'employed to perform.'"). In other words, if the employee is not "employed to perform" a particular activity, even if that activity may be basic to the employee's work, then it is not a principal activity that begins or ends the workday.

We know from § 203(*o*) and the custom or practice under the collective bargaining agreement that the laborers in this case are not employed to perform their changing of clothes. Section 203(*o*) provides that "any time spent in changing clothes or washing at the beginning or end of each workday" is excluded from "the hours for which an employee *is employed*," so long as those hours have been "excluded from measured working time" by custom or practice under a collective bargaining agreement. 29 U.S.C. § 203(*o*) (emphasis added). The "clear implication" of § 203(*o*) is "that clothes changing and washing, which are *otherwise* a part of the principal activity, may be expressly excluded from coverage by agreement." *Steiner v. Mitchell*, 350 U.S. 247, 255 (1956) (emphasis added). The clothes-changing time of the laborers here was excluded "by custom or practice" under the collective bargaining agreement, so the hours spent changing clothes are not "hours for which an employee is employed." 29 U.S.C. § 203(*o*). Reading § 254(a) and § 203(*o*) together thus leads to the conclusion that the changing of clothes is not a principal activity that begins and ends the workday, because it is not an activity the employee is employed to perform. *See Sandifer v. U.S. Steel Corp.*, 678 F.3d 590, 596-97 (7th Cir. 2012), *cert. granted on other grounds*, 133 S. Ct. 1240 (U.S. Feb. 19, 2013) (No. 12-417). *But see Franklin v. Kellogg Co.*, 619 F.3d 604, 619 (6th Cir. 2010).

To be sure, *IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005), like *Steiner*, said that an activity that is "integral and indispensable to a principal activity is itself a principal activity." *Id*. at 37 (internal quotations omitted). But the parties in *Alvarez* had no collective bargaining agreement that excluded donning and doffing from the hours for which employees were employed. Because § 203(*o*) did not figure into the Court's analysis, the conclusion that walking time was compensable in that instance does not control here. *Alvarez* relied heavily on *Steiner*, *see id.* at 33, which in turn contemplated that activities that are "otherwise a part of the principal activity" may be excluded by agreement. 350 U.S. at 255.

-6-

We acknowledge the Department of Labor's current position that an activity excluded from the workday under § 203(*o*) can constitute a principal activity, but we deem it unpersuasive. *See* U.S. Dep't of Labor, Opinion Letter, 2010 WL 2468195, at 4 (June 16, 2010). The Department's views on whether excluded activities can be principal activities have changed with the vicissitudes of electoral winds, with no reference to its experience or expertise in the matter. *Compare id.*, *with* U.S. Dep't of Labor, Opinion Letter, 2007 WL 2066454, at 1 (May 14, 2007). Given this inconsistency, the Department's position is "entitled to considerably less deference than a consistently held agency view." *INS v. Cardoza-Fonseca*, 480 U.S. 421, 446 n.30 (1987) (internal quotation omitted). Indeed, for this reason, all but one court of appeals to consider the Department's positions in this and similar contexts have decided not to defer to the "gyrating agency letters on the subject." *Sepulveda v. Allen Family Foods, Inc.*, 591 F.3d 209, 216 n.3 (4th Cir. 2009); *see Sandifer*, 678 F.3d at 599; *Salazar v. Butterball, LLC*, 644 F.3d 1130, 1139 (10th Cir. 2011); *Franklin*, 619 F.3d at 612-14; *Alvarez v. IBP, Inc.*, 339 F.3d 894, 905 n.9 (9th Cir. 2003). *But see Anderson v. Cagle's Inc.*, 488 F.3d 945, 956-57 (11th Cir. 2007).

In summary, the time spent by the laborers donning and doffing their uniforms is excluded by agreement from the hours for which they are employed. As such, donning and doffing is not an activity that the laborers are employed to perform, and it is therefore not a principal activity that begins and ends the workday. It follows that time spent walking between the clothes-changing stations and the time clock is not part of the workday and workweek for which the employer is liable to pay overtime compensation under the Act.

*       *       *

The order of the district court denying ConAgra's motion for summary judgment is reversed, and the case is remanded for further proceedings.

_____